UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARISSA CARPENTER,<br><br>Defendant. | No. 2:14-cr-309-GEB<br><br>**ORDER DIRECTING THE CLERK'S OFFICE TO FILE ON THE PUBLIC DOCKET A REDACTED VERSION OF DEFENDANT'S LETTER ADDRESSED TO THE JUDGE AND TO FILE AN UNREDACTED COPY OF THE LETTER UNDER SEAL** |

On July 30, 2018, the Clerk's Office received a letter which Defendant Carissa Carpenter addressed to the undersigned judge. The undersigned judge received the letter on August 1, 2018. The Clerk's Office attached to the letter a routing slip titled "Requesting Chambers Review." The routing slip is a typed form communication which includes the request that chambers return the letter "to Operations with instructions" concerning whether the letter shall be added to the docket, returned to sender, and/or handled in another manner.

An issue presented by the letter is whether the judge should sua sponte determine if the letter, or portions thereof, constitutes a judicial document to which the common law right of public access doctrine applies. See generally, Phoenix

1

Newspapers, Inc. v. U.S. Dist. Court for Dist. of Arizona, 156 F.3d 940, 951 (9th Cir. 1998) (indicating that to ensure that the public's access right to a judicial document is not disregarded, a federal judge should consider whether secrecy is appropriate because "[a]ll too often, parties to the litigation are either indifferent or antipathetic to disclosure . . . [and, that t]his is to be expected: it is not their charge to represent the rights of others."). "In 'the courts of this country'—including the federal courts—the common law bestows upon the public a right of access to [certain] documents." Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 902 (D.C. Cir. 1996).

> [However,] the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the [common law] right of public access. . . . [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document [subject to the common law public access doctrine].

United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995).

Portions of the letter "must be regarded as a judicial document for purposes of determining the public's [common law] right of access" thereto because those portions are comprised of motions and supporting information seeking judicial orders. LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011). Courts frequently construe letters requesting particular relief as appropriate motions. See, e.g., Manley v. Rowley, 847 F.3d 705, 710 (9th Cir. 2017) ("We construe Manley's letter as a motion to strike . . . ."). Defendant's letter contains a motion in which she requests issuance of an order granting her a

"vascular consult as well as a critical care internist and the meds [she] was on [before detention]." The letter also contains a motion for an order authorizing her to appear "by video" at her upcoming sentencing.

Defendant is represented by counsel and is not authorized to make the referenced motions herself. When a judge allows a defendant to represent herself in this manner at the same time she is represented by an attorney, such representation is a form of "hybrid representation," and authorizing such representation is left to "the sound discretion of the . . . judge." Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983). Such hybrid representation has not been authorized and, therefore, Defendant's motions are disregarded. Nonetheless, because the letter is comprised of motions and information and photographs supporting the motions, the letter is a judicial document subject to the common law right of access doctrine.

Defendant's letter also contains conclusory complaints about the services rendered by her appointed defense counsel. The referenced complaints are too conclusory to justify another in camera hearing on the issue of the adequacy of her attorney representation. However, this portion of the letter should be filed on the public docket because if the adequacy-of-counsel issue is appealed or otherwise challenged, the Ninth Circuit may find the letter aids review of this issue. Cf. United States v. Seugasala, 670 F. App'x 641 (9th Cir. 2016) (discussing the inherent discretionary power district courts have to seal or unseal records and the ability to act in support of the Ninth Circuit's review of a case) (unpublished).

In the Ninth Circuit, "[u]nless a particular court [document] is one 'traditionally kept secret,' a 'strong presumption in favor of [public] access' is the starting point." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). Therefore, a strong presumption in favor of public access applies to the letter.

To overcome the presumption, a judicial decision in the Ninth Circuit must be "base[d] . . . on a compelling reason . . . [supported by a] factual basis [that does not] rely[] on hypothesis or conjecture," id. at 1179, and "the court must 'conscientiously balance[] the competing interests' of the public" against the reasons supporting secrecy, id. (quoting Foltz, 331 F.3d at 1135). Factors supporting secrecy include but are not limited to "the danger of impairing . . . judicial efficiency" and "the privacy interests of [individuals]." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (citations omitted).

Here, medical requests contained in the letter are already made public in the motion Defendant's counsel filed on behalf of Defendant on July 25, 2018, see Mot. for Medical Exam, ECF No. 100, which significantly weakens any privacy interest Defendant might have otherwise asserted. However, parts of the letter implicate privacy concerns that are not outweighed by the public's common law right of access: the names of Defendant's minor grandchildren, and a photograph of her grandchildren. The names of Defendant's minor grandchildren are redacted under Local Rule 140(a)(i), which prescribes: "In criminal actions, use the

minors' initials; in civil actions use initials when federal or state law require the use of initials, or when the specific identity of the minor is not necessary to the action or individual document." Therefore, the redacted filing of the letter uses each minor's first initial. The picture purporting to be of her grandchildren is also redacted under the privacy rationale applicable to protecting the minors' identities. Finally, a picture purporting to be of Defendant's daughter is also redacted. This photograph does not appear to assist the reader of the letter to understand the contents of the motions. Cf, Onex Credit Partners, LLC v. Atrium 5 LTD., No. CV 13-5629 (JMV), 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) ("The Kovenskys, who are not parties to this suit, have a privacy interest in the photographs deserving protection. This is particularly true as several of the pictures are of minor children and are personal in nature.")

Therefore, the Clerk of Court shall file the referenced redacted copy of the letter on the public docket, and shall file under seal the unredacted letter and photographs, and shall state in the docket text for the sealed filing: "Sealed Unredacted Copy of Carissa Carpenter's letter to Judge Burrell."

Dated: August 3, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge