McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-cr-00309-GEB |
|---|---|
| Plaintiff, | |
| v. | UNITED STATES' MOTION TO UNSEAL DEFENDANT'S LETTER TO THE COURT (ECF NO. 75); [PROPOSED] ORDER |
| CARISSA CARPENTER, | |
| Defendant. | |

The United States submits the following motion to request that the Court order that ECF No. 75, "Defendant's letter concerning her appointed counsel," be unsealed. Although the defendant has filed a Ninth Circuit appeal, placing at issue the exact matter seemingly presented in her letter, *i.e.*, whether she should have received new trial counsel, the defendant (through her current attorney) contends the United States does not need access to the letter. That contention is in error. To decide the defendant's sole appellate issue, the Ninth Circuit may consider the content of her letter to determine whether a total breakdown of the attorney-client relationship existed, warranting her request to substitute counsel. Moreover, by filing her Ninth Circuit appeal, the defendant has waived her right to any attorney-client privileged content contained in the letter regarding her request to substitute counsel.

///

///

United States' Motion to Unseal Defendant's
Letter to the Court (ECF No. 75)   1

## I. FACTS AND RELEVANT PROCEDURAL BACKGROUND

On October 18, 2019, the defendant Carissa Carpenter submitted her opening brief to the Ninth Circuit, (ECF No. 14, case number: 18-10463)[1], alleging that this Court violated her Sixth Amendment right to counsel when it denied her two requests to fire her then-trial counsel, John Manning, and replace him with another attorney.

As this Court is aware, before the second hearing, the defendant sent a letter to the Court dated March 6, 2018. On March 16, 2018, the Court ordered that that particular letter was to be filed on the docket under seal. ECF No. 74. The Court further held an *in camera* proceeding on March 16, 2018, in which the Court, the defendant and her attorney were the only participants present. ECF No. 76. As discussed during that proceeding, the Court agreed to hold a hearing on the defendant's request to fire her lawyer, which appears to be the one issue discussed in her sealed letter. *See* ECF No. 15 at 34:16-35:6, case number: 18-10463 ("The undersigned judge received a letter from Defendant dated March 6, 2018, in which she seeks another appointed attorney under the Criminal Justice Act and another investigator. . . . [T]he appointed counsel matter is in front of me. I'm going to conduct an *in camera* proceeding.").

Although the transcripts of that hearing held on March 16, 2018, have been unsealed for the purpose of the defendant's appeal (ECF No. 151), her letter to the Court (ECF No. 75) remains under seal. This is true even though the defendant acknowledges in her opening brief to the Ninth Circuit, that this Court held the March 16, 2018, *in camera* hearing "[i]n response to [the] letter filed by Ms. Carpenter." ECF No. 14 at 12, case number 18-10463.

## II. ARGUMENT

### A. The Letter's Contents Are Not Subject to Attorney-Client Privilege And Should Be Part Of The Appellate Record

To adequately resolve the defendant's sole issue on appeal, the letter she drafted and sent to this Court in March 2018 appears necessary. When reviewing a district court's denial of a motion for substitution of counsel, the Ninth Circuit focuses on three inquiries to determine if the district

---

[1] For purposes of this brief, ECF or docket entries for the defendant's appellate case are followed by a citation to the case number in that proceeding. The remaining ECF or docket entries in the brief refer to the defendant's district court case, 2:14-cr-309 GEB.

United States' Motion to Unseal Defendant's
Letter to the Court (ECF No. 75)  2

court abused its discretion. First, whether the district court's inquiry on the matter was adequate; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of the motion weighed against any inconvenience or delay that would result from granting the motion. *United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th Cir. 2000) (citation omitted). In assessing those factors, the Ninth Circuit considers the totality of the circumstances surrounding the defendant's motion for substitute counsel. *See id.* at 977. Those circumstances may include reviewing letters the defendant writes and submits to the district court, which in turn, prompt hearings during which the defendant's request for substitute counsel is addressed. *See, e.g., United States v. Burrell*, 23 F. App'x 777, 778-79 (9th Cir. 2001).

With respect to whether a party has waived the attorney-client privilege, the Ninth Circuit employs a three-pronged test. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). First, the Ninth Circuit considers whether the party is asserting the privilege as the result of some affirmative act, such as filing suit. *Id.* (citation omitted). Second, the Ninth Circuit examines whether through the party's affirmative act, the asserting party puts the privileged information at issue. *Id.* Finally, the Ninth Circuit evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense. *Id.* Where a party raises a claim which in fairness requires disclosure of the protected communication, the attorney-client privilege may be implicitly waived. *Id.* (citation omitted).

Given that the letter at issue (ECF No. 75) appears to provide the basis, at least in part, for the defendant's claim that this Court wrongly denied her request for substitute counsel, its contents likely provide important background information that inform whether the district court's inquiry on the substitution matter was adequate. The letter may also shed light on the dispute between the defendant and her prior trial counsel as the letter's contents prompted the second hearing regarding the defendant's request to substitute counsel.

Additionally, any argument that the letter is protected by attorney-client privilege should also be rejected. By contending the district court erred in denying her requests for substitute counsel, the defendant has placed information on that topic, even privileged content, at issue by taking the affirmative step of filing her appeal. To properly defend this Court's decision to deny the

defendant's two separate requests for substitute counsel, the United States must have access to the letter. As the defendant admits in her opening brief to the Ninth Circuit, her letter, dated March 6, 2018, prompted the second hearing at which this Court addressed her written request to fire her then-trial-counsel. ECF No. 14 at 12, case number 18-10463. Given such a concession, in conjunction with the limited information currently available on the district court docket, unsealing the defendant's letter is essential to the United States' ability to thoroughly respond to her appeal.

### III. CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court unseal the defendant's letter (ECF No. 75).

DATED: November 22, 2019    Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

By: /s/ *Rosanne Rust*
ROSANNE L. RUST
Assistant United States Attorney

McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARISSA CARPENTER, <br><br> Defendant. | Case No: 2:14-cr-00309-GEB <br><br> ORDER TO UNSEAL DEFENDANT'S LETTER (ECF NO. 75) |

IT IS HEREBY ORDERED that the defendant's letter, ECF No. 75, in the above-captioned matter is unsealed.

Dated: November 22, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge