McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTINA M. McCALL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>    v.<br><br>CARISSA CARPENTER,<br><br>                 Defendant. | CASE NO. 2:14-CR-00309-GEB<br><br>ORDER SEALING DOCUMENTS REFERENCED IN RESPONDENT'S NOTICE |

Pursuant to Local Rule 141(b) and based upon the representation contained in the Respondent's Request to Seal, IT IS HEREBY ORDERED that the Respondent's Exhibit 2 to Government's Opposition to Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A) Compassionte Release, for Failure to Establish Extraordinary and Compelling Circumstances pertaining to defendant Carissa Carpenter, and the Government's Request to Seal shall be SEALED until further order of this Court.

It is further ordered that electronic access to the sealed documents shall be limited to the United States and counsel for the defendant, Carissa Carpenter. The Court has considered the factors set forth in *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in the Government's request, sealing the Governments's motion serves a compelling interest (specifically not disclosing the defendant/

[PROPOSED] ORDER SEALING DOCUMENTS AS SET FORTH IN GOVERNMENT'S NOTICE

1

petitioner's confidential medical files to the public). What is requested to be sealed also includes a portion of the public filing in ECF document 129-1, certain documents Defendant has already caused to be filed on the public docket, interview documents created by Defendant's investigator that are typically attached to a Presentence Report, and the Federal Bureau of Prisons Compassionate Release/Reduction in Sentence:Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).

      The Court further finds that, in the absence of closure, the compelling interests identified by the government would be harmed if petitioner's confidential medical files are not sealed. In light of the public filing of its request to seal, the Court further finds that there are no additional alternatives to sealing the government's motion that would adequately protect the compelling interests identified by the government.

      Dated: December 18, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge