UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:14-cr-309-TLN-EFB P |
|---|---|
| Respondent, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CARISSA CARPENTER, | |
| Movant. | |

Carissa Carpenter ("movant') brings a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 189. The court concludes that, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the District Courts, the claim must be dismissed. Movant's motions to appoint new counsel (ECF Nos. 198, 201, 202) are denied.

Motion Pursuant to Section 2255

I.     <u>Screening Standards</u>

Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts requires that the court perform a preliminary review of any motion brought under § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing § 2255 Proceedings.

II. Background

Movant pleaded guilty to two counts of mail fraud and one count of giving a false statement to government agents. ECF No. 145 at 1. She was sentenced to 78 months in prison. *Id.* at 2. Movant appealed to the United States Court of Appeals for the Ninth Circuit (ECF No. 143 & 146), but ultimately dismissed that action voluntarily. *See United States v. Carissa Carpenter*, No. 18-10463 (9th Cir.), Dkt. Nos. 19 & 20. Now, she has filed a motion pursuant to section 2255 wherein she argues that her trial counsel was ineffective. ECF No. 189 at 4.

III. Merits

Movants' section 2255 motion is difficult to comprehend. With respect to her counsel's trial performance she offers only vague generalities. *See*, *e.g.*, *id.* at 4 ("From the start [counsel had] no conversations about my case[;] just being pushed in a plea deal . . ."). The motion fails to articulate (at least in any intelligible fashion[1]) specific facts which are indicative of deficient performance. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *see also Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) (concurring in the dismissal of allegations of ineffective assistance of counsel on a § 2255 motion as vague, conclusory and without any facts alleged in support of the claim).

Intermixed with vague complaints about her counsel's performance are allegations about how her current healthcare (provided, presumably, by the Bureau of Prisons) is deficient. *See*, *e.g.*, *id.* at 5 ("BOP cannot cover Preucid for my peptic ulcer so I could not hold down forms of antibiotics. I am given a different drug that hardly works."). These allegations fall outside the scope of a section 2255 motion, which pertains only to challenges to the legality or validity of a conviction or sentence. Movant may bring these claims, if at all, pursuant to either 28 U.S.C. § 2241, *see Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 1999) (§ 2241 is the appropriate vehicle for challenging the manner, location, or condition under which a sentence is executed and must be brought in the custodial court), or as a civil rights claim pursuant to *Bivens*

---

[1] The motion is messily handwritten, wanting for paragraphs, and not substantively organized in any obvious way.

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) alleging deliberate indifference to her serious medical needs in violation of the Eighth Amendment.

For the foregoing reasons, the section 2255 motion should be dismissed.

## Motion to Appoint New Counsel

Movant has filed a motion to appoint new counsel wherein she argues that her "old lawyer Timothy Wamnar has done zero to help [her]." ECF Nos. 198, 201, 202. The court has discretion to appoint counsel in § 2255 proceedings when "the interests of justice so require and [the prisoner] is financially unable to obtain representation." *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (citing 18 U.S.C. § 3006A(g)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Having considered those factors, particularly the likelihood of success on the merits of the articulated claims, the court finds that appointment of counsel is unwarranted.

## Conclusion

Based on the foregoing, it is ORDERED that movant's motion to appoint new counsel (ECF Nos. 198, 201, 202) is DENIED.

Further, it is RECOMMENDED that movant's motion to vacate, set aside, or correct sentence (ECF No. 189) be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

§ 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 10, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE