UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARISSA CARPENTER,<br><br>Defendant. | No. 2:14-cr-00309-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Carissa Carpenter's ("Defendant") Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3585(c)(1)(A)(i). (ECF No. 207.) The Government filed an opposition. (ECF No. 210.) Defendant filed a reply. (ECF No. 219.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2018, Defendant pleaded guilty to Counts One, Eight, and Thirty-One of the indictment for mail fraud and false statements to government agents.  (ECF No. 95.)  On November 16, 2018, the Court sentenced Defendant to a 78-month term of imprisonment to be followed by a 36-month term of supervised release, restitution in the amount of $3,642,755.17, and a special assessment of $300.  (ECF Nos. 140, 145.)  Defendant began her sentence on November 16, 2018 and is housed at Federal Medical Center Carswell ("FMC Carswell").  Her estimated release date is February 26, 2023.

Defendant submitted an administrative request to the warden at FMC Carswell for emergency home confinement or compassionate release on March 31, 2020.  (ECF No. 210-4.)  The warden denied her request.  (ECF No. 210-5.)

Defendant filed the instant motion on April 27, 2020, arguing she should be released because her medical conditions — including multiple surgeries and a congenital AV block treated with a pacemaker — put her at significant risk if she contracts COVID-19.  (ECF No. 207.)  The Government opposes, asserting Defendant fails to establish extraordinary or compelling reasons warranting relief and an analysis of the § 3553(a) factors favor keeping Defendant imprisoned.[1]  (ECF No. 210.)

### II.   ANALYSIS

#### A.    Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

---

[1] On October 15, 2019, Defendant filed her first Motion for Compassionate Release before District Judge Garland E. Burrell.  (ECF No. 172.)  The Government opposed this motion and Judge Burrell denied it, finding Defendant did not show extraordinary and compelling circumstances to justify her release.  (ECF No. 195.)  On January 1, 2020, Defendant filed a notice of appeal to challenge the denial of her initial compassionate release motion.  (ECF No. 196.)  Since then, Defendant has withdrawn her appeal and it has been dismissed.  (ECF No. 220.)  The Government argues that this Court does not have jurisdiction due to Defendant's appeal of her previous motion.  However, the withdrawal and dismissal of Plaintiff's appeal renders that argument moot.

general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Under normal circumstances, the Defendant's medical condition would not satisfy the "extraordinary and compelling" standard. However, Defendant's health conditions may be cause for more concern when taking the COVID-19 pandemic into consideration. Defendant has provided evidence of her multiple health conditions including a history of seizures, hypertension, and a congenital AV block treated with a pacemaker. COVID-19 triggers reactions in the heart and patients with preexisting cardiovascular disease are more likely to die from the infection than

3

healthy individuals.[2] This may place Defendant in greater danger should she contract the disease.

However, the BOP is currently reporting zero active cases of COVID-19 at FMC Carswell.  While it is true there have been two reported cases of FMC Carswell inmates infected by COVID-19, one case resulted in the death of the inmate while the other inmate has since recovered.  Absent any active cases of COVID-19 at FMC Carswell, Defendant's medical conditions do not render her unable to care for herself, nor is she suffering from a condition that is terminal.

As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]").  Defendant's concerns are understandable but do not raise to the level of "extraordinary and compelling" at this time.

### C. Section 3553(a) Factors

Further, the § 3553(a) factors weigh against granting Defendant compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the factors set forth in § 3553(a) before granting compassionate release).  Under § 3553(a), in imposing a sentence and considering compassionate release the Court must consider a number of factors including: "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citing 18 U.S.C. § 3553(a)(1)–(7)).

---

[2]  Dara K. Lee Lewis, MD, *How Does Cardiovascular Disease Increase the Risk of Severe Illness and Death From COVID-19*, Harvard Health Publishing (Apr. 2, 2020, 2:30 PM) https://www.health.harvard.edu/blog/how-does-cardiovascular-disease-increase-the-risk-of-severe-illness-and-death-from-covid-19-2020040219401

      While Defendant's offense is non-violent and she does not otherwise have a criminal history, she spent over 17 years engaging in the criminal behavior that ultimately led to her guilty plea. Over the course of those 17 years, Defendant defrauded over 40 victims out of over $3 million. (ECF No. 121 at ¶ 35; ECF No. 141.) Further, Defendant did not stop this conduct even while out on bond. In 2017, while on pretrial release, Defendant defrauded her landlord out of at least $20,000 in addition to contacting witnesses in her underlying offense, failing to report a contact with law enforcement, and relocating without authorization from pretrial services. (ECF No. 121 at ¶¶ 4–5.) Both the nature and circumstances of the offense and Defendant's history and characteristics weigh against a sentence reduction. She has shown herself to be untrustworthy and the Court finds it likely that she would continue her pattern of fraud and deceit if released.

      Further, the advisory guideline range for Defendant's offense is 78 to 87 months of imprisonment. (ECF No. 155 at 15.) Judge Burrell imposed a low-end sentence of 78 months. (ECF No. 155 at 37.) Defendant is seeking a sentence reduction of over two years, amounting to more than half of her initial sentence. To grant such a substantial reduction would not satisfy "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Nor would it "afford adequate deterrence to criminal conduct" or adequately "protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(B)-(C). "[T]he nature and circumstances of the offense" require a much longer term of imprisonment. 18 U.S.C. § 3553(a)(1).

      In sum, Defendant has not met her burden of showing "extraordinary and compelling" reasons for release pursuant to 18 U.S.C. § 3582(c)(1)(A). Even if such reasons existed, the § 3553(a) factors warrant denying the request. Therefore, the Court DENIES Defendant's request for compassionate release.[3]

---

[3] To the extent Defendant alternatively asks the Court to change her custody status to home confinement, 18 U.S.C. § 3621(b) precludes the Court from doing so. *See* 18 U.S.C. § 3621(b) (precluding judicial review of BOP placement decisions). Further, the Court is not inclined to issue an order that has no force or effect and is not binding on the BOP. *United States v. Robles*, No. 2:12-CR-00424-TLN, 2020 WL 1904709 (E.D. Cal. Apr. 17, 2020) ("A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has 'no binding effect' on the BOP to determine or change a prisoner's

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Motion for Early Release.  (ECF No. 207.)

IT IS SO ORDERED.

DATED: May 29, 2020

                                       Troy L. Nunley
                                       United States District Judge

---

placement").

Further, as to Defendant's Eighth Amendment arguments challenging the conditions of her confinement at FMC Carswell, venue is improper in the Eastern District of California. "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Indeed, the Court lacks jurisdiction to consider a § 2241 petition if the petitioner's custodian is outside of the Court's territorial jurisdiction.  *See Dunne v. Henman*, 875 F. 2d 244, 248–49 (9th Cir. 1989); *see also Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Because Defendant is confined in FMC Carswell located in Fort Worth, Texas, Defendant's complaints about conditions at FMC Carswell must be brought in the Northern District of Texas.