UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARISSA CARPENTER,<br><br>Defendant. | No. 2:14-cr-00309-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Carissa Carpenter's ("Defendant") Motion for Reconsideration of Denial of her Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3585(c)(1)(A)(i).  (ECF No. 225.)  The Government filed an opposition.  (ECF No. 228.)  Defendant filed a reply.  (ECF No. 232.)  For the reasons set forth below, the Court DENIES Defendant's motion.

On July 6, 2018, Defendant pleaded guilty to Counts One, Eight, and Thirty-One of the indictment for mail fraud and false statements to government agents.  (ECF No. 95.)  On November 16, 2018, the Court sentenced Defendant to a 78-month term of imprisonment followed by a 36-month term of supervised release, restitution in the amount of $3,642,755.17, and a special assessment of $300.  (ECF Nos. 140, 145.)  Defendant began her sentence on November 16, 2018 and is housed at Federal Medical Center Carswell ("FMC Carswell").  Her estimated release date is February 26, 2023.

Defendant filed a motion for compassionate release with this Court on April 27, 2020, arguing she should be released because her medical conditions — including multiple surgeries and a congenital AV block treated with a pacemaker — put her at significant risk if she contracts COVID-19. (ECF No. 207.) On June 1, 2020, the Court denied Defendant's request, finding she did not demonstrate extraordinary and compelling reasons for release. (ECF No. 221 at 5.) The Court also noted, even if such reasons existed, the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors warranted denying the request. (*Id.*) On June 3, 2020, Defendant appealed the Court's denial. (ECF No. 222.) The matter is currently pending before the Ninth Circuit. Defendant filed the instant motion for reconsideration on August 5, 2020. (ECF No. 225.)

Defendant does not dispute that her pending appeal divests this Court of jurisdiction to grant her motion. *See United States v. Melkonyan*, No. 2:14-cr-0083-JAM, 2020 WL 2128591, at 1 (E.D. Cal. May 5, 2020) (citing *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993)). Instead, Defendant seeks an indicative ruling under Federal Rule of Criminal Procedure ("Rule") 37(a). (ECF No. 225 at 3; ECF No. 232 at 20.) Rule 37 provides in relevant part that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). After carefully considering the parties' arguments, the Court exercises its discretion under Rule 37 to decline Defendant's request to provide an indicative ruling at this time.

Accordingly, Defendant's Motion for Reconsideration is DENIED. (ECF No. 225.)

IT IS SO ORDERED.

DATED: September 2, 2020

Troy L. Nunley
United States District Judge

2