UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARISSA CARPENTER,<br><br>　　　　　Defendant. | No. 2:14-cr-00309-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Carissa Carpenter's ("Defendant") Motion for Modification of Conditions of Supervised Release. (ECF No. 251.) The Government filed an opposition. (ECF No. 256.) Defendant filed a reply. (ECF No. 259.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I.     Factual and Procedural Background

On July 6, 2018, Defendant pleaded guilty to Counts One, Eight, and Thirty-One of the indictment for mail fraud and false statements to government agents. (ECF No. 95.) On November 16, 2018, the Court sentenced Defendant to a 78-month term of imprisonment, a 36-month term of supervised release, restitution in the amount of $3,642,755.17, and a special assessment of $300. (ECF Nos. 140, 145.)

On April 27, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing she should be released because her medical conditions — including multiple surgeries and a congenital AV block treated with a pacemaker — made her particularly vulnerable to COVID-19. (ECF No. 207.) On June 1, 2020, the Court denied Defendant's motion. (ECF No. 221.) On June 3, 2020, Defendant appealed. (ECF No. 222.)

On August 5, 2020 — while Defendant's appeal was pending before the Ninth Circuit — she filed a motion for reconsideration in this Court. (ECF No. 225.) Defendant argued the Court should reconsider its denial because since then, the number of COVID-19 cases at her facility increased substantially and Defendant herself was diagnosed with COVID-19. (*Id.*) On September 4, 2020, the Court denied Defendant's motion for reconsideration because it lacked jurisdiction to grant the motion while her appeal was pending. (ECF No. 239.)

On September 15, 2020, Defendant voluntarily dismissed her appeal. (ECF No. 240.) That same day, Defendant filed a renewed motion for reconsideration with this Court. (ECF No. 241.) Based on changed circumstances related to Defendant's COVID-19 risks, the Court granted Defendant's renewed motion for reconsideration and modified her sentence of imprisonment to time served to be followed by the 36-month term of supervised release imposed in the previous sentence. (ECF No. 247 at 5.) The Court also imposed a special condition of supervised release that Defendant be subject to a 24-month period of home confinement. (*Id.*)

Defendant filed the instant motion to modify her conditions of supervised release on December 29, 2021. (ECF No. 251.)

///

///

## II. STANDARD OF LAW

Courts may modify conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3582(e)(2). "District courts have significant discretion in crafting conditions of supervised release pursuant to 18 U.S.C. § 3583(d)." *United States v. Quinzon*, 643 F.3d 1266, 1270 (9th Cir. 2011). However, such conditions must: (1) be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a). *Id.* at 1270–71; 18 U.S.C. § 3583(d)(1)–(3). "In sum, conditions are permissible if they are reasonably related to . . . deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008).

## III. ANALYSIS

Defendant requests the Court eliminate the remaining balance of her 24 months of home confinement and reduce her monthly restitution payments. (ECF No. 251 at 1.) The Court will address Defendant's requests in turn.

### A.     Home Confinement

Defendant argues "[h]ome confinement is a significant impediment to [her] successful management and treatment of her cardiovascular issues and other underlying medical conditions, as it severely limits her ability to get the daily exercise prescribed by her doctors." (ECF No. 251 at 4.) Defendant requests to be allowed to have the flexibility and freedom to leave her small residence to engage in exercise "when the weather and her health permit." (*Id.*) Defendant also stresses that she suffers from sudden periods of dizziness that prevent her from being left alone for periods of time, which impedes on her partner's ability to move freely. (*Id.*)

In opposition, the Government argues that any inconvenience home confinement causes Defendant is not a compelling reason to remove the condition. (ECF No. 256 at 8.) The

Government emphasizes that Defendant is currently allowed 24 hours per week when she is not restricted to her home, plus pre-approved times to attend medical appointments and religious services, and to participate in community service. (*Id.*) The Government also contends Defendant can exercise in her yard regardless of the day of the week or time of day. (*Id.*) Further, the Government states that Defendant and her partner acknowledged the restrictions prior to Defendant's release and thus the limitation home confinement places on their movement is not a compelling reason to remove the condition. (*Id.* at 8–9.)

The Court agrees with the Government. The home confinement condition is reasonably related to the relevant statutory conditions the Court must consider in fashioning conditions of supervised release. Namely, the nature and circumstances of the instant offense (a long-running fraud scheme that victimized dozens of investors who trusted Defendant with millions of dollars), Defendant's history and characteristics (lying to federal agents and violation of bond conditions), the need for the sentence to afford adequate deterrence (both specific and general), and the need to protect the public weigh in favor of denying Defendant's motion. *Quinzon*, 643 F.3d at 1270–71; 18 U.S.C. § 3583(d)(1)–(3). Defendant has not shown that she is significantly impeded in getting needed exercise. To the contrary, it appears Defendant has sufficient opportunities to exercise during the substantial amount of time she is allowed to leave her home, or within the area of her home and yard during the time she is not allowed to leave. Indeed, the pictures of her home Defendant submits in her reply show that she has sufficient space to exercise — even though it may not be the type of exercise she prefers. (ECF No. 259-1 at 2.) As to Defendant's inability to be left alone when her partner needs to leave the home, Defendant has not persuaded the Court that she has no other options to remain safe than to accompany her partner wherever he goes. As such, the Court finds the home confinement condition "involve[s] no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *Goddard*, 537 F.3d at 1089.

Accordingly, the Court DENIES Defendant's request to eliminate the home confinement condition of supervised release.

///

B.	Restitution Payments

Defendant argues her restitution payments are a significant financial burden. (ECF No. 251 at 5.) Defendant states she is unable to work because of her medical conditions, she only receives $1,597 per month in social security benefits, and she has considerable out-of-pocket costs associated with needed medical and dental treatment. (*Id.* at 5–6.)

In opposition, the Government argues the Court should not reduce Defendant's monthly restitution payment. (ECF No. 256 at 9.) The Government asserts the need to provide restitution to victims of the offense strongly weighs against a reduction of Defendant's "already paltry" $200 per month payment.[1] (*Id.* at 9–10.)

The Court again agrees with the Government. Because the Court did not set a specific monthly amount that must be paid in restitution, the Probation Office has the authority to set the payment schedule based on Defendant's financial information. (ECF No. 256 at 10.) Defendant has not persuaded the Court that she is unable to pay $200 a month toward restitution, nor that such a payment deprives Defendant of more liberty "than is reasonably necessary for the purposes of supervised release." *Goddard*, 537 F.3d at 1089. The Court will leave the determination of whether to reduce the amount with the Probation Office, which is best-suited to consider Defendant's current financial situation.

**IV.	CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion for Modification of Conditions of Supervised Release. (ECF No. 251.)

IT IS SO ORDERED.

DATED: April 6, 2022

Troy L. Nunley
United States District Judge

---

[1] The Government also argues the Court should increase the monthly payment to $500. (ECF No. 256 at 10–11.) However, the Government's request was not brought as part of a properly noticed motion and thus the Court will not consider it.